ELIZABETH HALBEISON, RESPONDENT, v. H. KEPPERS COMPANY, APPELLANT.

Submitted July 5, 1920—Decided October 15, 1920.

On appeal from the Supreme Court, in which court the following *per curiam* was filed:

"The writ in this case brings up for review a judgment of the Camden County Court of Common Pleas for compensation under our Workmen's Compensation act on account of the death of Charles J. Halbeison, Junior, an employe of H. Keppers Company.

"Every element necessary to support the judgment was admitted in the court below except dependency; in other words, the sole question submitted to the court below was whether or not there were dependents of the decedent's, and that is the sole question argued here. The record shows that it was also agreed that while the mother was the petitioner, any award made should be made in favor of the father.

"The trial judge found that dependency existed, and therefore a finding for the petitioner necessarily followed, the trial judge further saying (finding 6), 'that by law, Charles J. Halbeison, the decedent's father, was alone entitled to compensation at the rate of twenty-five per centum of decedent's wages.'

"We are inclined to think that the finding of the trial judge upon the question of dependency has evidence to support it, and that being so, on familiar principles, the judgment must be affirmed.

"The evidence tended to show that the decedent was a minor between twenty and twenty-one years of age, and that he is survived by a mother, father and two sisters, one of whom is a minor. The decedent lived at home with his parents. His earnings were brought home and turned over to the mother who used such earnings for general household expenses. These earnings were necessary to meet the household expenses. As a sidelight, there was evidence tending to show that at one time the decedent had $300 in bank; that with the consent of the decedent, part of this sum was withdrawn in small amounts and used in the home for general expenses, and that this was necessary because the father did not always earn enough to meet household expenses.

"The evidence also tends to show that while the decedent had not worked for H. Keppers Company long enough to receive wages (he had worked but one week at the place where he was killed), yet he had agreed to bring his pay home and give it to his mother.

"The evidence also tended to show that during a period when the decedent had no employment, he collected bills and delivered signs for his father and helped his mother about the house.

"In view of all this evidence, we think that the finding of the trial judge had evidence to support it.

"The judgment will be affirmed, with costs."

For the respondent, *Wescott & Weaver*.

For the appellant, *Howard L. Miller*.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered in the Supreme Court.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 11.

*For reversal*—None.